**ORGANIC CHEMICALS SITE PRP GROUP, an Unincorporated Voluntary Association located in Michigan, Plaintiff,**

v.

**TOTAL PETROLEUM, INC., a Michigan corporation, Defendant.**

**No. 5:97 CV 168.**

United States District Court, W.D. Michigan, Southern Division.

Feb. 3, 1998.

Carlos Leal, Watson & Renner, PLLC, Denver, CO, Russell E. Yates, Yates & Leal, LLP, Denver, CO, for Plaintiff.

Troy Taylor, James G. Fausone, Fausone, Taylor & Bohn, Northville, MI, for Defendant.

### ORDER

ENSLEN, Chief Judge.

In accordance with the Opinion entered this date,

**IT IS HEREBY ORDERED** that defendant Total Petroleum's motion to dismiss filed August 4, 1997 (dkt.# 5), is **DENIED in part** and **GRANTED in part.**

### OPINION

This matter is before the Court on defendant Total Petroleum, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff the Organic Chemicals Site PRP Group (PRP) filed this action pursuant to federal and state environmental laws and several tort laws, seeking damages for its expenditures incurred as a result of the remediation of a contaminated site in Grandville, Michigan, as well as declaratory and injunctive relief. For the following reasons, defendant's motion is denied in part and granted in part.

### A. Rule 12(b)(6) Standard

■ A motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of the pleadings. Rule 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 375 (6th Cir.1995). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In reviewing such a motion, "[t]he complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)

(citing *Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). While it is liberal, this standard of review does require more than the bare assertion of legal conclusions. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Id.; see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions and unwarranted factual inferences are not accepted as true under Rule 12(b)(6) review); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987) ("Allegations must be more than mere conclusions, or they will not be sufficient to state a civil rights claim.").

### B. Analysis

Federal jurisdiction in the instant case is based upon plaintiff's claims filed under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 *et seq.* and the Resource Conservation and Recovery Act of 1976 (RCRA), 42 U.S.C. § 6972 *et seq.* Defendant argues that, because plaintiff's federal claims are barred by the terms of each statute, the Court should decline to exercise supplemental jurisdiction and plaintiff's complaint should be dismissed. Plaintiff counters that it has stated a prima facie case under both statutes and, therefore, defendant's motion should be denied. The Court will review the application of each statute in turn.

### 1. CERCLA Claims

■ CERCLA is a comprehensive environmental statute principally designed to effectuate two goals: 1) the cleanup of toxic waste sites; and 2) the compensation of those who have attended to the remediation of environmental hazards. *Meghrig v. KFC Western*, 516 U.S. 479, 116 S.Ct. 1251, 1254, 134 L.Ed.2d 121 (1996) (citing *General Electric Co. v. Litton Indus. Automation Sys., Inc.*, 920 F.2d 1415, 1422 (8th Cir.1990) (the "two ... main purposes of CERCLA" are "prompt cleanup of hazardous waste sites

and imposition of all cleanup costs on the responsible party")). To prevail in a private cost recovery action under CERCLA, a plaintiff must establish that:

1) the site on which the hazardous substances are contained is a 'facility' under CERCLA's definition of that term, · 42 U.S.C. § 9601(9);

2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred, 42 U.S.C. § 9607(a)(4);

3) such "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan," 42 U.S.C. §§ 9607(a)(4) and (a)(4)(B); and

4) the defendant is within one of four classes of persons subject to the liability provisions of Section 107(a).

*Pierson Sand & Gravel, Inc. v. Pierson Township,* No. 94–1472, 1996 WL 338624, *1– *2 (6th Cir. June 18, 1996) (unpublished); *Cose v. Getty Oil Co.,* 4 F.3d 700, 703–04 (9th Cir.1993).

■ Defendant argues that it is entitled to dismissal at this early stage of the proceeding because plaintiff's CERCLA claims are barred by two statutory exemptions: 1) the petroleum exclusion, § 101(14); and 2) the secured creditor exemption. § 101(20). Because these defenses are exceptions to the coverage of the statute, defendant bears the burden of proof on both issues. *United States v. Iron Mountain Mines, Inc.,* 987 F.Supp. 1244, 1249 n. 6 (E.D.Cal.1997) (defendant bears the burden of proving it is not liable based on the "petroleum exclusion" in § 101(14) and secured creditor exemption under § 101(20)) (citing *Nixon–Egli Equip. Co. v. Alexander,* 949 F.Supp. 1435, 1442–43 (C.D.Cal.1996)); *Dartron Corp. v. Uniroyal Chemical Co., Inc.,* 917 F.Supp. 1173, 1184 (N.D.Ohio 1996); *United States v. Maryland Bank & Trust Co.,* 632 F.Supp. 573, 578 (D.Md.1986)); *United States v. Fleet Factors Corp.,* 901 F.2d 1550, 1555–56 (11th Cir.1990) (noting defendant bears burden of proof on secured creditor exemption) (citing *United States v. First City Nat'l Bank of Houston,* 386 U.S. 361, 366, 87 S.Ct. 1088, 18 L.Ed.2d 151 (1967) (noting general rule is that party claiming benefit of exception to statutory prohibition bears the burden of proof)). Thus, defendant's motion will fail unless it can demonstrate that the facts alleged necessarily bring plaintiff's claim within these exceptions.

■ Accepting all of plaintiff's factual allegations as true, the Court finds that plaintiff has clearly alleged sufficient facts to survive this motion. Specifically, plaintiff alleges that defendant owned the parcel of land at issue in this litigation until 1979, during which time spills, leaks, and disposal of hazardous substances, including, among other things, acetone, benzene, benzo(a)anthracene, cyanide, toluene, styrene, and 4–methylphenol, regularly and predictably occurred and that plaintiff has incurred and will incur removal and remediation expenses as a result. Plaintiff also alleges, and defendant concedes, that activities other than petroleum refinery, such as solvent reclamation and specialty chemicals manufacturing, took place at the site during defendant's period of ownership.

As noted above, dismissal is appropriate only where it appears beyond doubt that plaintiff can prove no set of facts in support of its allegations which would entitle it to relief. While some of the substances listed may ultimately be shown to fall under the petroleum exception because they are components of unadulterated petroleum, it is also possible that they will all be determined to constitute hazardous substances under the Act. *See Cose v. Getty Oil Co.,* 4 F.3d 700, 704 (9th Cir.1993) (citing *Washington v. Time Oil Co.,* 687 F.Supp. 529, 531–532 (W.D.Wash.1988) (hazardous substances, such as benzo(a)anthracene, found in concentrations that exceed level naturally occurring in petroleum product, not within petroleum exclusion)); *Niecko v. Emro Marketing Co.,* 769 F.Supp. 973, 982 (E.D.Mich.1991). Similarly, while defendant may present evidence that demonstrates it held only a security interest in the property and that it did not participate in the management of the property, it is possible that plaintiff will prevail on this point as well. 42 U.S.C. 9601(20)(A);

*see, e.g., Kelley v. Tiscornia,* 810 F.Supp. 901, 905 (W.D.Mich.1993). Given that plaintiff has stated a prima facie case, the Court finds that dismissal in advance of discovery would be premature and defendant's motion must be denied.

### 2. RCRA claim

Turning to plaintiff's RCRA claim, the Court begins by noting that "RCRA's primary purpose [ ] is to reduce the generation of hazardous waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless generated, 'so as to minimize the present and future threat to human health and the environment.'" *Meghrig v. KFC Western,* 516 U.S. 479, 116 S.Ct. 1251, 1253, 134 L.Ed.2d 121 (1996) (quoting 42 U.S.C. § 6902(b)). Whereas CERCLA provides for recovery of past expenditures, RCRA's focus is on alleviating present and future environmental risks and hazards.

*Section 6972(b)(2)(B): Mandatory Preconditions*

█ Chief responsibility for the implementation and enforcement of RCRA rests with the Administrator of the Environmental Protection Agency (EPA), *see* §§ 6928, 6973, but like other environmental laws, RCRA contains a citizen suit provision, § 6972, which permits private citizen to enforce its provisions in some circumstances.[1] *Id.* The role of the citizen suit is limited, however. Indeed, it is perhaps best described as interstitial, for such suits are generally only viable where neither the federal and state governments act to remedy the problem. *McGregor v. Industrial Excess Landfill,* 709 F.Supp. 1401, 1407 (E.D.Ohio 1987), *aff'd,* 856 F.2d 39 (6th Cir.1988) ("Only when the federal and the state governments fail to act to remedy the situation or file suit ... did

Congress envision the need for private citizens to commence actions to correct environmental hazards."); *see Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 60, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) (noting citizen suits may supplement but not supplant public litigation). To assure that the EPA Administrator remains the primary enforcement authority under this statute and that polluters are not the subject of duplicative litigation, the statute provides that several mandatory conditions must be met before a citizen suit may be filed. Where any one of these prerequisites has not been met, the claim must be dismissed.[2] *See Hallstrom v. Tillamook County,* 493 U.S. 20, 31, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989).

Section 6972(b)(2)(B) delineates four such bars to litigation. It provides in pertinent part:

(b) Actions prohibited

...

(2)(B) No action may be commenced under subsection (a)(1)(B) of this section if the Administrator, in order to restrain or abate acts or conditions which may have contributed or are contributing to the activities which may present the alleged endangerment—

(i) has commenced and is diligently prosecuting an action under section 6973 of this title or under section 106 of [CERCLA;]

(ii) is actually engaging in a removal action under section 104 of [CERCLA];

(iii) has incurred costs to initiate a Remedial Investigation and Feasibility Study under section 104 of [CERCLA] and is diligently proceeding with a remedial action under the Act; or

---

**1.** Section 6972(a), entitled Citizen suits, provides in pertinent part:

Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—

(1) ... (B) against any person ... including any ... past or present owner or operator of a treatment storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous

waste which may present an imminent and substantial endangerment to health or the environment[.] environment[.]

**2.** Unlike the CERCLA exemptions discussed above, these preconditions are a bar to suit. *Hallstrom v. Tillamook County,* 493 U.S. 20, 31, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989). Consequently, plaintiff must at least allege facts from which the Court can infer that it may proceed.

(iv) has obtained a court order (including consent decree) or issued an administrative order under section 106 of [CERCLA] or section 6973 of this title pursuant to which a responsible party is diligently conducting a removal action, Remedial Investigation and Feasibility Study (RIFS), or proceeding with a remedial action.

In the case of an administrative order referred to in clause (iv), actions under subsection (a)(1)(B) of this section are prohibited only as to the scope and duration of the administrative order referred to in clause (iv).

Defendant argues that plaintiff's claims are barred by each and every one of these preconditions. Asserting that the EPA's issuance of an Unilateral Administrative Order (UAO) in 1992 constituted a § 106 action under CERCLA and that the resulting implementation of that UAO was a removal action under § 104, defendant contends that Congress did not intend to permit citizen suits under the circumstances existing in this case.

Plaintiff counters that this is precisely the type of situation which the citizen suit provision was designed to cover. Plaintiff points out that, although the EPA has issued two Records of Decision (RODs), it has not yet taken action on the 1997 ROD addressing soil contamination. While plaintiff concedes that the EPA did, in fact, issue the UAO in 1992, plaintiff argues that the 1992 UAO only addressed groundwater contaminants and that the EPA has been remiss by not pursuing a second UAO or a § 104 action to remedy the soil contamination problem discussed in the 1997 ROD. For that reason, plaintiff argues, its citizen suit does not fall within any of the § 6972(b)(1)(B) bars. Indeed, plaintiff continues, its suit provides precisely the type of supplemental enforcement Congress envisioned when it enacted the citizen suit provision.

■ Plaintiff correctly notes that the § 6972(b)(1)(B) bars are only applicable where the government is acting diligently either by pursuing the actions noted or by actually engaging in a § 104 removal action. Accepting plaintiff's allegations as true and noting that defendant has not asserted that the government has acted on the 1997 ROD, the Court finds that plaintiff has asserted facts from which the Court could infer a lack of diligence on the part of the government. Once again, at this early stage of the litigation, dismissal of plaintiff's claim would be inappropriate.

### a. Prima Facie Case

■ Defendant also argues that plaintiff has failed to allege facts in support of each of the elements of a RCRA claim. To establish a prima facie case of liability under RCRA, plaintiff must allege that: 1) conditions exist which present or may present an imminent and substantial endangerment; 2) the endangerment stems from the handling, storage, treatment, transportation, or disposal of a solid or hazardous waste; and 3) defendants have contributed to or are contributing to such handling, storage, treatment, transportation, or disposal. *United States v. Aceto Agr. Chemicals Corp.*, 872 F.2d 1373, 1382 n. 9 (8th Cir.1989); *The Craig Lyle Limited Partnership v. Land O'Lakes, Inc.*, 877 F.Supp. 476, 480 (D.Minn.1995).

■ Arguing that the harm cannot be imminent if plaintiff is engaged in remedial activities, defendant asserts that plaintiff fails to state a claim. Defendant contends that, because plaintiff and the government have already begun to clean up the hazardous site, there is no risk of harm. The mere fact that clean up efforts have begun, however, does not in itself indicate that the risk of endangerment has been alleviated. Again, the Court finds that plaintiff has alleged sufficient facts to withstand a motion to dismiss.

### b. Relief

■ Finally, defendant argues that plaintiff requests relief to which it is not entitled. Defendant correctly asserts that plaintiff "cannot recover damages for past cleanup costs." *Meghrig v. KFC Western Inc.*, 516 U.S. 479, 116 S.Ct. 1251, 1256, 134 L.Ed.2d 121 (1996). Plaintiff does not dispute this issue, however. Instead, it states in its Surreply Brief to Defendant's Motion to Dismiss

that it seeks only current and future costs of remediation by way of injunctive relief requiring, for instance, that defendant take action to abate the hazardous condition. In addition, plaintiff asserts that, were such remuneration unavailable under RCRA, at the very least its request to require defendant to "take action" would not fail. Noting that there is no longer a conflict on the issue of cleanup costs incurred before the filing of this suit, the Court grants defendant's motion insofar as plaintiff's complaint indicates that it seeks recovery of past cleanup costs under RCRA. With regard to the question of what injunctive relief would be appropriate, the Court reserves that question for a later date.

## C. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED** insofar as it related to plaintiff's request for past cleanup costs under RCRA. In all other respects, defendant's motion is **DENIED**.